No. 31.—LOUIS DUPLEIX *v.* DAMASCENE GALLIEN, Widow and Tutrix.

*The stipulation in a written contract of sale of a lot of cotton, that " delivery is accepted," will dispense the vendor from further delivery, and place the property at the risk of the purchaser.*

APPEAL from the District Court, parish of Natchitoches. *Lewis*, J. *J. M. B. Tucker*, for plaintiff and appellee, *Pierson & Levy*, for defendant and appellant.

HOWELL, J. This suit was brought in September, 1865, against the defendant on the following instrument :

" Je susigné reconnais par ces présentes vendre et m'engage à livrer à Mr. Louis Dupleix, qui l'accepte, cinq mille livres de coton (good middling), sous balles au prix de sept cents la livre. Le dit coton devra rester sous le moulin de Mr. Victor Rachal ou toute autre personnes, sujet à ses ordres sans autre dépense à encourir de la part de Mr. L. Dupleix, jusqù' à l'expedition.

sa

(Signé)     " MARCELLE ⋈ LAPLANTE,

marque.

" LOUIS DUPLEIX.

" Temoin : W. P. MORROW.

" NATCHITOCHES, Fevrier 11, 1862."

Plaintiff demands the delivery, according to said contract, of five thousand pounds of ginned cotton, good middling, as his property, and in default thereof the sum of $2500 as its value.

The defendant pleads the general denial, admits the sale by her deceased husband, as represented in the instrument sued on, and alleges a full compliance on his part with all the obligations of his contract.

The District Judge held the defendant liable because the deceased vendor failed to notify plaintiff of the place selected for delivery, and she has appealed.

It is shown that soon after the date of the above contract, Laplante called on Victor Rachal to gin, bale and store the cotton which he stated he had sold to plaintiff, and as the said Rachal could not do it, Laplante called on Louis Casimere Rachal at Madam Palliére Rachal's plantation on the river about fifteen or twenty arpents below Victor's, and had the cotton there ginned, baled, weighed, marked and stored, in March, 1862, as plaintiff's, using Victor Rachal's wagon in hauling the cotton from his own plantation opposite Victor's, to that of Madam Palliére's, where it remained until April or May, 1864, when it was burned by the Confederate and Federal armies.

Upon the hypothesis that it was incumbent on the seller to give the notice, as held by the judge, the circumstances raise a strong and weighty presumption that plaintiff was notified. His silence and inactivity for more than three years and a half leave but little doubt as to his personal knowledge.

But be this as it may the peculiar phraseology of the written instrument and facts of the case warrant the construction, which relieves the seller from any such obligation. It is expressly stated therein that the buyer accepted delivery, and the seller was only required to deposit the cotton at the gin of Victor Rachal or any other person, where it was to remain subject to the order of the buyer, without further expense to him, until its shipment. From this it may reasonably be inferred that the buyer undertook to ascertain where the cotton would be deposited. The seller with remarkable promptness and fidelity, executed his part of the contract, and the cotton remained where delivered more than two years before its destruction, which must be held to be the loss of plaintiff. C. C. 2442. The case of Seris v. Bellocq, 17 A. 146, differs from this in the material facts. Equity is very decidedly with the defendant in this case.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, in the capacities in which she is sued, with costs in both courts.

Rehearing refused.